

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# Hannan v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Hannan v. Philadelphia" (2009). *2009 Decisions*. Paper 2027.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2027

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4548
_____

JEFFERY HANNAN,

Appellee,

v.

CITY OF PHILADELPHIA; SYLVESTER JOHNSON; KAREN BIRD;
WILLIAM BLACKBURN, Sued individually and in
official capacity, held liable jointly and severally

Sylvester Johnson,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-02863)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and GARBIS,* *District Judge*

(Filed: January 15, 2009 )


*The Honorable Marvin J. Garbis, United States District Judge for District of
Maryland, sitting by designation.

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

Philadelphia Police Commissioner Sylvester Johnson appeals the District Court's

denial of his summary judgment motion seeking qualified immunity in a suit brought by

Officer Jeffery Hannan alleging that Johnson, among others, violated his First

Amendment petition rights.  We find that Hannan was not engaged in protected petition

activity and Johnson did not violate clearly established law.  Accordingly, we will

reverse.

I.

Because we write solely for the benefit of the parties, we recite only the facts

essential to our decision.

The Philadelphia Police Department brought disciplinary charges against Hannan

for conduct unbecoming a police officer following an incident at a statewide training

academy.  Upon being presented with the charges by the Charging Unit of the

Department's Police Board of Inquiry (PBI), Hannan was instructed to sign "guilty" or

"not guilty," or else agree to a transfer out of his unit, the elite Narcotics Strike Force.

Hannan chose to sign the charges "not guilty" and requested a hearing before the PBI.

Under the Department's disciplinary scheme, the PBI has advisory authority and it

recommends to the Police Commissioner whether officers should be disciplined or

2

penalized. The Police Commissioner then decides whether to accept or reject the PBI's recommendation. Further, the PBI review is not a mandatory part of the disciplinary process; the Commissioner can take direct action without using the PBI.

Here, the PBI unanimously voted to find Hannan "not guilty" of the charge. Nonetheless, Commissioner Johnson exercised his authority to depart from the PBI's recommendation by transferring Hannan out of the Narcotics Strike Force and suspending him for 15 days without pay.[1]

Hannan alleges that Johnson disciplined him more harshly because he pleaded "not guilty" and opted to challenge the charges against him before the PBI. Hannan sued the City of Philadelphia and various individual defendants alleging violations of state and federal law. Defendants moved for summary judgment and the only claim that survived was Hannan's First Amendment Petition Clause claim against Johnson.[2] Johnson filed a Motion for Reconsideration or, in the Alternative, Renewed Motion for Summary Judgment, which the District Court denied. Johnson now brings this interlocutory appeal.

## II.

We exercise jurisdiction over a denial of summary judgment based on a lack of qualified immunity pursuant to 28 U.S.C. § 1291 and the collateral order doctrine.

---

[1] The transfer and suspension were later overturned by an arbitrator after Hannan filed a grievance pursuant to the Department's Collective Bargaining Agreement.

[2] Hannan does not contest the District Court's grant of summary judgment to Johnson and the other defendants on his other claims.

3

*Schieber v. City of Philadelphia,* 320 F.3d 409, 415 (3d Cir. 2003).[3]  In reviewing a denial

of summary judgment on qualified immunity grounds, we view the facts in the light most

favorable to the nonmoving party.  *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir. 2004).  Our

review is plenary.  *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 208 (3d Cir. 2001).

A court ruling upon a qualified immunity issue must undertake a two-step inquiry:

(1) whether a constitutional right would have been violated on the facts alleged; and (2)

whether that constitutional right was "clearly established" such that granting immunity

would be improper.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Doe v. Groody*, 361 F.3d

232, 237-38 (3d Cir. 2004).

A.

The First Amendment, applied to the states through the Fourteenth Amendment,

provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to

---

[3]Hannan disputes our jurisdiction, arguing that the collateral order doctrine does not apply to a denial of qualified immunity at the summary judgment stage to the extent that the denial turns on questions of fact, not law.  However, Johnson does not dispute the facts in this case.  Instead, Johnson argues that even if he took an adverse employment action against Hannan due to his participation in the PBI process, it was not actionable because Hannan's participation in the PBI process was not protected petition activity under the First Amendment.  Johnson's motive – which is a factual question – is therefore immaterial.  Accepting the facts as given, we must decide if those facts show a violation of "clearly established" law. *Johnson v. Jones*, 515 U.S. 304, 315 (1995); *Walker v. Horn*, 286 F.3d 705, 707 (3d Cir. 2002).  We disagree with the District Court's contention that what amounts to a petition under the Petition Clause is a fact-intensive analysis.  The question of whether particular conduct is protected by the First Amendment is a legal matter which is appropriate for our interlocutory review. *See Mitchell v. Forsyth*, 472 U.S. 511, 527-28.

4

petition the government for a redress of grievances." U.S. CONST. amend. I. Hannan asserts that pleading "not guilty" to the disciplinary charges before the PBI constituted a petition that was protected under the First Amendment. We disagree.

We have held that lawsuits and grievances directed at a government employer or public officials which invoke the formal mechanism for the redress of grievances are protected petitions under the First Amendment, even where they only address matters of private concern. *San Filippo v. Bongiovanni*, 30 F.3d 424, 439-40 (3d Cir. 1994). In this case, however, the Charging Unit brought formal disciplinary charges against Hannan and presented them to him with instructions to either "plead guilty and waive a hearing" or "plead not guilty and request a hearing." Hannan was merely a responsive party; the process was invoked by the Charging Unit, a component of the PBI. Hannan did not, as he alleges, initiate or invoke the PBI process; he was ordered to cooperate and his compelled plea does not fall within the constitutional protections for petitions to the government. *See Foraker v. Chaffinch*, 501 F.3d 231, 238 (3d Cir. 2007).[4]

The Department was not "required to recognize as a 'petition' whatever particular communication is so characterized" by Hannan. *San Filippo*, 30 F.3d at 442. The District Court erred when it conflated a due process right to a name-clearing hearing with petition activity under the First Amendment. Hannan may have had a due process right

---

[4]*Foraker* was decided just days after the District Court's initial summary judgment denial and served as the basis for Johnson's Motion for Reconsideration.

under the Fourteenth Amendment to clear his name following the imposition of discipline; but the right to clear one's name is satisfied by the formal grievance and arbitration procedures established by the Department, not by the hearing to which Hannan was forced to respond.

Pleading not guilty to a PBI charge cannot, as a matter of law, constitute a petition for redress of grievances under the First Amendment. To gain protection under the Petition Clause, the action must be initiated by the citizen. Here, Hannan's plea was made under government compulsion, which is inconsistent with the basic principle of freedom underlying the Petition Clause. *See Foraker*, 501 F.3d at 238. Therefore, Hannan cannot establish that the conduct which triggered his retaliatory discharge was protected under the First Amendment and Johnson did not violate his constitutional rights (*Saucier* step one).

## B.

Johnson also prevails at step two of the *Saucier* inquiry. Even if pleading not guilty in a PBI proceeding constituted protected petition activity, we cannot say that the law is clearly established on that point. *See Saucier*, 533 U.S. at 201.

Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The law regarding Hannan's petition was not "sufficiently clear that a reasonable official would understand that what he is doing" violated a constitutional right. *Anderson*

6

*v. Creighton*, 483 U.S. 635, 640 (1987). Where there is a "legitimate question" as to whether conduct violates the Constitution, it cannot be said that such conduct violates clearly established law. *Mitchell*, 472 U.S. at 535 n.12. Even if Johnson's actions had been unlawful – and we have found that they were not – that unlawfulness was not apparent in light of preexisting law. *See Anderson*, 483 U.S. at 640. Because Johnson did not violate "clearly established law of which a reasonable person would have known," he should have been granted qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## III.

In sum, Johnson prevails for two independent reasons: (1) Hannan's response does not constitute protected petition activity under the First Amendment; and (2) the law is not "clearly established" on that point such that Johnson should be denied qualified immunity. We will reverse the judgment of the District Court and remand the case for the entry of summary judgment in favor of Commissioner Johnson.