NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1562
_____

JEFFERY HANNAN,
                    *Appellant*,


v.


CITY OF PHILADELPHIA; SYLVESTER JOHNSON; KAREN BIRD;
WILLIAM BLACKBURN, SUED INDIVIDUALLY AND IN OFFICIAL CAPACITY,
HELD LIABLE JOINTLY AND SEVERALLY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-05-cv-02863)
District Judge: Hon. Cynthia Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2010
_____

Before: McKEE, *Chief Circuit Judge*, BARRY and GREENBERG, *Circuit Judges*

(Opinion Filed: November 3, 2010)


_____

**OPINION**
_____

1

McKEE, *Chief Judge*:

Police Officer Jeffery Hannan appeals the district court's grant of summary judgment in favor of the City of Philadelphia, Police Commissioner Sylvester Johnson, Karen Bird, Karen Simmons and William Blackburn (referred to collectively as "Defendants"). For the reasons set forth below, we will affirm.[1]

## I.

Since we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history of this dispute. Hannan argues that the district court erred in granting summary judgment in favor of the Defendants on the following claims: 1) due process; 2) violations of constitutional and statutory privacy rights; 3) equal protection; 4) the intentional infliction of emotional distress; 5) retaliation for engaging in protected petition activity under the First Amendment, and 6) municipal liability. The appeal is meritless.

## II.

**A. Officer Hannan's Due Process, Privacy, Equal Protection, and Intentional Infliction of Emotional Distress Claims**.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a grant of summary judgment. *Erie Telecomms., Inc. v. City of Erie*, 853 F.2d 1084, 1093 (3d Cir. 1988). Under FED. R. CIV. P. 56(c), a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In her Memorandum and Opinion, Judge Rufe carefully and thoughtfully explains: why Officer Hannan's arbitration proceedings provided him with all the process he was due, that there was no factual basis to sustain any of his privacy-related claims, and that both the equal protection and intentional infliction of emotional distress claims failed as a matter of law. Since we can add little to Judge Rufe's well-reasoned explanation of why the Defendants are entitled to judgment as a matter of law on these claims, we will affirm the district court's grant of summary judgment on each of those claims substantially for the reasons set forth in that Memorandum Opinion and Order. *See Hannan v. City of Phila.*, Civil No. 05-2863, 2007 WL 2407100 (E.D. Pa. Aug. 22, 2007).

**B. Officer Hannan's First Amendment Retaliation Claim**.

After the district court allowed Officer Hannan's First Amendment retaliation claim to proceed to trial, Commissioner Johnson filed an interlocutory appeal challenging the district court's rejection of his qualified immunity defense. We reversed and remanded for entry of summary judgment on the First Amendment claim. Since Officer Hannan now appeals the district court's subsequent entry of summary judgment, he is in effect asking us to reconsider our holding that his First Amendment claim fails as a matter of law. We refuse to do so.[2]

---

[2] Officer Hannan argues that we did not have jurisdiction to hear Commissioner Johnson's interlocutory appeal, or that we erred in ruling that Officer Hannan's plea was not protected under the First Amendment. In *Hannan v. City of Phila.*, we rejected these same arguments. We held that: "[t]he question of whether particular conduct is protected

Officer Hannan also offers a new theory to support his First Amendment retaliation claim. He argues that Commissioner Johnson's decision to suspend him was in retaliation for the grievance Hannan filed in response to his transfer. Although this issue was raised in count five of Officer Hannan's amended complaint, it was not argued before the district court.

In general, we will not address any issue raised for the first time during appeal because the plaintiff is deemed to have waived it. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). The rule is no different where, as here, an appellant has made a cursory reference to the theory in an amended complaint. That is simply not enough to preserve the issue for appeal. *See Reichly v. Pa. Dep't of Agric.*, 427 F.3d 236, 247 n.14 (3d Cir. 2005) ("While that claim is included in their amended complaint, that is not sufficient to preserve the issue for appeal."). Accordingly, we need not address that claim now.

Because Officer Hannan cannot establish that he engaged in protected activity, the retaliation claim was properly dismissed.

### C. Officer Hannan's Municipal Liability Claim.

---

by the First Amendment is a legal matter which is appropriate for our interlocutory review." 306 F. App'x 735, 737 n.3 (3d Cir. 2010). We also held that Officer Hannan's guilty plea was not a protected activity under the First Amendment. His attempt to ask us to reverse that ruling in this appeal is frivolous at best and merits no discussion. *See id*. at 738.

Since there was no violation of Officer Hannan's constitutional rights, there can be no constitutional violation for which the City of Philadelphia could be held liable under Section 1983. *See Brown v. Commonwealth of Pa., Dep't of Emergency Med. Servs.*, 318 F.3d 473, 482 (3d Cir. 2003). Moreover, the record here is totally devoid of even a suggestion of the kind of "practice or policy" evidence required for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

## III.

For the foregoing reasons, we will affirm the decision of the district court granting summary judgment in favor of the Defendants on each of Hannan's claims.